UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHRYN T. CRAIG and KOR ISLAND
PROVISIONS, LLC,

    Plaintiffs,

v.                                                    Case No: 2:17-cv-180-FtM-99CM

ROMAN KROPP, SHERRI KROPP
and DYLAN KROPP,

    Defendants.
_____/

**OPINION AND ORDER**[1]

This matter comes before the Court on *sua sponte* review of Defendants' Notice of Removal (Doc. 1) and supplemental materials (Doc. 4, Doc. 5). Subject-matter jurisdiction is premised on the presence of diversity of citizenship between the parties. (Doc. 1, ¶ 7).

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). A defendant may remove a civil case from state court provided the case could have been brought in federal court. See 28 U.S.C.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

§ 1441(a). Federal courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). The defendant seeking removal bears the burden of establishing diversity jurisdiction as of the date of the removal. *See Moreland v. SunTrust Bank*, No. 2:13-cv-242, 2013 WL 3716400, at *1 (M.D. Fla. July 15, 2013) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003)). Removal jurisdiction raises significant federalism concerns, and thus courts strictly construe removal statutes. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Any doubt as to the presence of jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Here, the Court is satisfied that the amount in controversy is met. With regard to citizenship, Defendants do not identify the citizenship of the individual members of Kor Island Provisions, LLC, and a limited liability company is a citizen of any state of which a member is a citizen. *Thermoset Corp. v. Building Materials Corp. of America*, --- F.3d ---, 2017 WL 816224, *2 (11th Cir. Mar. 2, 2017) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004) (noting that the pleadings are required to provide the citizenship of each LLC member to invoke the District Court's diversity jurisdiction)). Furthermore, Defendants rely on the allegations in Plaintiff's Complaint when they state that Plaintiffs Kathryn T. Craig[2] and Kor Island Provisions,

---

[2] Notably, Plaintiff's Complaint only states that Kathryn T. Craig is a resident of Lee County, Florida, but domicile is required to establish citizenship for diversity purposes. (Doc. 2, ¶ 1).

LLC[3] are citizens of Florida. (Doc. 1, ¶ 8). But as the Eleventh Circuit has recently noted, removing parties should not rely on beliefs of opposing parties to meet the burden to establish diversity jurisdiction, nor should the Court accept such representations without further investigation. See *Purchasing Power, LLC v. Bluestem Brands*, Inc., --- F.3d ---, 2017 WL 1046103, at *6 (11th Cir. Mar. 20, 2017). Therefore, the Court finds that the citizenship of Kor Island Provisions, LLC and Kathryn T. Craig are not yet properly alleged as Defendants are relying on the representation in the Complaint.

Second, Defendants submitted Affidavits of Sherri and Dylan Kropp in support of removal, which aver that they are currently citizens of Colorado, but resided in Florida prior to that time. The Court accepts the representations as to Sherri and Dylan Kropp's citizenship at this time but notes that no such information has been provided for Defendant Roman Kropp, and the Notice of Removal summarily states that he is a citizen of Colorado. (Doc. 1, ¶ 9). An individual is a citizen where he is domiciled, not necessarily where he is a resident. See *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."). Domicile is the place of an individual's true, fixed, and permanent home and to which he intends to return whenever he is absent therefrom. See *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted). A domicile is not synonymous with a residence, and it is possible for someone to reside in one place but be domiciled in another. See *id.*

---

[3] Plaintiff's Complaint states that Plaintiff Kathryn T. Craig is the sole owner and manager of Kor Island Provisions, LLC (Doc. 2, ¶ 1), but it does not indicate if as an owner and manager she is also a member of the company, and if so, whether she is the only member.

The Court will allow Defendants to supplement the Notice of Removal to cure the deficiencies identified above, as authorized by 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

Defendants shall have up to and including **April 21, 2017** to supplement the Notice of Removal to establish this Court's diversity jurisdiction.  **Failure to do so will result in this matter being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of April, 2017.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record