UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHRYN T. CRAIG and KOR
ISLAND PROVISIONS, LLC,

      Plaintiffs,

v.                                             Case No: 2:17-cv-180-FtM-99CM

ROMAN KROPP, SHERRI KROPP
and DYLAN KROPP,

      Defendants.

## ORDER

This matter comes before the Court upon review of Defendant's Motion to Compel Production Requested First Request for Production and Memorandum (Doc. 41). Defendant Roman Kropp seeks to compel Plaintiffs Kathryn T. Craig and KOR Island Provisions, LLC ("KOR") to produce various financial documents, including tax returns, from January 1, 2011 or January 1, 2012 to July 6, 2017. Doc. 41. Plaintiffs oppose the requested relief. Doc. 42.

On March 31, 2017, this case was removed from the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida. Doc. 1. Craig is the sole owner and manager of KOR, which she formed to own and operate a high-end retail furniture and furnishing store on Sanibel Island, Florida. Doc. 2 ¶¶ 1, 10. Craig met Kropp and his wife and son in 2010, who became her trusted friends and confidantes. *Id.* ¶¶ 9, 16-17. Kropp assisted with the operation of the furniture store, gained access to KOR's operating account and engaged in real estate

transactions on behalf of KOR. *Id.* ¶¶ 11-14. In return, Kropp received monetary compensations and resided in the real property allegedly purchased for KOR on April 11, 2012 and located at 661 Cardium Street, Sanibel Island, Florida ("Property") without paying any rent. Docs. 2 ¶¶ 14-15, 39 ¶ 75.

Subsequently, Kropp on behalf of KOR managed a real estate project in Costa Rica. Doc. 2 ¶ 19. In 2016, Craig began to question Kropp's transparency in managing business on behalf of KOR, investigated into his transactions and allegedly found his acts of "treachery," including the purchase of the Property. *Id.* ¶¶ 20-21. Craig alleges Kropp used KOR's funds to purchase the Property for $325,000, but wrongfully placed it under his name and later sold it for profit without her knowledge or consent. *Id.* ¶¶ 21(b)-(c). When Craig learned of this transaction and demanded the return of the funds realized by Kropp, he allegedly returned $320,000 only. *Id.* ¶ 21(c). Based on various business transactions, including the sale of the Property, Craig brought eight claims against Kropp and his wife and son. *Id.* at 7-13.

On June 15, 2017, the Court entered a Case Management and Scheduling Order, setting the discovery deadline to June 8, 2018, the mediation deadline to June 22, 2018, the deadline for dispositive motions to July 6, 2018 and a trial term to commence on November 5, 2018. Doc. 37 at 1-2. On July 6, 2017, Kropp served his First Request for Production to Plaintiffs to which Plaintiffs responded on August 7, 2018. Doc. 41 at 19-36. At issue here are Requests Nos. 21, 22, 23 and 24 and the following responses:

> **REQUEST 21**: All tax returns or informational tax returns filed by KOR from January 1, 2012 through the date of this Request for Production.

**RESPONSE**: Plaintiffs object to Request No. 21, in that it is overly broad and seeks documents which are irrelevant, not designed to lead to the discovery of admissible evidence, and which contain confidential private financial information which has no connection to the issues involving this case.

**REQUEST 22**: All tax returns filed by Craig from January 1, 2012 through the date of this Request for Production.

**RESPONSE**: Plaintiffs object to Request No. 22, in that it is overly broad and seeks documents which are irrelevant, not designed to lead to the discovery of admissible evidence, and which contain confidential private financial information which has no connection to the issues involving this case.

**REQUEST 23**: All financial statements, balance sheets, profit and loss statements for Craig, and material, communications and documents relating thereto from January 1, 2012 through the date of this Request for Production.

**RESPONSE**: Plaintiffs object to Request No. 23, in that in that it is overly broad and seeks documents which are irrelevant, not designed to lead to the discovery of admissible evidence, and which contain confidential private financial information which has no connection to the issues involving this case.

**REQUEST 24**: All material, communications and documents relating to disclosures and financial statements prepared by Craig in connection with her dissolution of marriage to Raymond Craig including any financial statement or disclosure made in connection with any modification of support or division of property from January 1, 2011 to the date of this Request for Production.

**RESPONSE**: Plaintiffs object to Request No. 24, in that it is overly broad, seeks documents which are irrelevant, not designed to lead to the discovery of admissible evidence, protected by the work product and attorney/client privileges, and which contain confidential private financial information which has no connection to the issues involving this case.

*Id.* at 2-4, 27-28, 34.

Kropp argues he needs the requested documents because the documents will corroborate, contradict or discredit Plaintiffs' allegations that they owned or believed to own the Property and provided $320,000 to Kropp to purchase the Property. *Id.* at 4. Kropp also asserts the requested documents will reveal how Plaintiffs financially treated the Property, reflecting their credibility and claim of ownership. *Id.* at 4-5. Plaintiffs respond the discovery requests are overly broad, are not relevant and demand the production of highly sensitive, confidential financial information. Doc. 42 at 2-7. They further claim Kropp has not shown a compelling need for all of Plaintiffs' tax returns for a six-year period. *Id.* at 3.

Rule 34 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Fed. R. Civ. P. 34. Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond within thirty days after being served, and "for each item or category . . . must state with specificity

the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2).

A party resisting discovery must establish "lack of relevancy or undue burden in supplying the requested information." *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) (citation omitted). The resisting party must show that the requested discovery does not come within the scope of relevance within Rule 26(b)(1) or is of marginal relevance that the potential harm caused by discovery outweighs the presumption in favor of broad disclosure. *Id.* (citation and internal quotation marks omitted). The burden then shifts to the party seeking discovery to establish that the requested information is relevant and necessary. *Id.*

Here, the Court finds the requested documents are relevant to Plaintiffs' allegations related to the Property, but are overly broad in scope. A party's financial records are discoverable when the party puts its financial condition at issue, making the records relevant under Rule 26(b)(1). *Rail Trusts Locomotive Leasing, LLC v. SunCoke Energy, Inc.*, No. 3:15-cv-1112-J-39MCR, 2016 WL 8929072, at *4 (M.D. Fla. Oct. 25, 2016). Similarly, the Eleventh Circuit has not "required a showing of compelling need before tax information may be obtained by a party in discovery, but instead ha[s] determined that such information need be only arguably relevant." *Erenstein v. Sec. & Exch. Comm'n*, 316 F. App'x 865, 869-70 (11th Cir. 2008) (citing *Maddow v. Proctor & Gamble Co. Inc.*, 107 F.3d 846, 853 (11th Cir. 1997)). Here, Plaintiffs have placed at issue their financial information related to the Property because they pleaded various allegations regarding KOR's alleged ownership of the

Property and their financial dealings with Kropp over the Property. Doc. 2 ¶¶ 15, 21.

Nonetheless, Rule 26(b)(1) permits discovery only to the extent that it is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Here, Plaintiffs correctly argue Kropp did not tailor his discovery requests to the information related to the Property or the transactions surrounding the Property for the relevant time period. Doc. 42 at 3-7. Kropp alleges he purchased the Property on April 11, 2012, sold it at a profit several years later and returned $320,000 to Craig in or around November 2016. Doc. 39 ¶¶ 75-83. Accordingly, the relevant documents are those reflecting financial transactions related to the Property between April 2012 and November 2016. Instead, Kropp's requests demand all of Plaintiffs' tax returns and Craig's financial documents from January 1, 2011 or January 1, 2012 to July 6, 2017, which would reveal Plaintiffs' overall financial status for an approximately six-year period regardless of the information's relevance to the Property. Doc. 41 at 3-4. On the other hand, Kropp does not show the necessity or relevance of the financial information that does not pertain to the Property and is not from the relevant time period. Doc. 41.

Accordingly, the Court finds Plaintiffs show that not all of the requested documents fall within the scope of Rule 26(b)(1), whereas Kropp does not establish the financial information not pertaining to the Property is necessary or relevant at this point. *Gober*, 197 F.R.D. at 521. Thus, the Court will limit the scope of the requests for production of documents to the information concerning financial

transactions related to the Property from April 2012 to November 2016.   Fed. R. Civ. R. 26(b)(2)(C)(iii) (stating a court must limit discovery, if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)"); *Soliday v. 7-Eleven, Inc.*, No. 2:09-cv-807-FtM-29SPC, 2010 WL 4537903, at *3 (M.D. Fla. Nov. 3, 2010) ("The scope of discovery, whether merits or financial worth, is also within the discretion of the court.").

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant's Motion to Compel Production Requested First Request for Production and Memorandum (Doc. 41) is **GRANTED in part and DENIED in part**. Plaintiffs shall have up to and including **March 15, 2018** to respond to Defendant Roman Kropp's First Requests for Production to Plaintiffs Nos. 21, 22, 23 and 24, but limit their production to any responsive material concerning financial transactions related to the Property from April 2012 to November 2016.

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of March, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record