UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHRYN T. CRAIG and KOR
ISLAND PROVISIONS, LLC,

    Plaintiffs,

v.                                      Case No: 2:17-cv-180-FtM-99CM

ROMAN KROPP, SHERRI KROPP
and DYLAN KROPP,

    Defendants.
_____

## ORDER

This matter comes before the Court upon review of Defendants' Letter, Plaintiffs' Motion to Strike and for Sanctions, and Plaintiffs' Motion to Compel Mediation and for Sanctions. Docs. 50, 51, 52. For the reasons stated below, Defendants' Letter and Plaintiffs' Motion to Strike and for Sanctions will be denied without prejudice. Plaintiffs' Motion to Compel Mediation and for Sanctions will be granted in part and denied in part.

This case was removed from state court on March 31, 2017. Doc. 1. The allegations in the Complaint against Defendants Roman Kropp, Sherri Kropp, and Dylan Kropp ("the Kropps") involve a soured business relationship due to the misappropriation of commercial funds. *See generally* Doc. 2. One such allegation is that Roman Kropp falsely represented to Plaintiff Kathryn Craig that he had purchased a property at 661 Cardium Street, Sanibel Island ("the Property") for Plaintiff KOR Island Provisions, LLC ("KOR Island") when in reality he had

misappropriated KOR Island funds to purchase the property in his own name. Doc. 2 ¶¶ 15, 21. The parties dispute whether Plaintiffs were aware Roman Kropp purchased the Property in his own name. Doc. 41 at 1-2.

On October 10, 2017, the Kropps, through counsel, filed a motion to compel the production of tax returns and financial information for the period after January 1, 2012 because "[w]hether [Plaintiffs] considered and treated [the Property] as their property during the years between its acquisition and sale as alleged in the complaint is a substantial issue in this action." Doc. 41 at 2. Plaintiffs opposed the motion because the requests sought highly sensitive and confidential "financial wealth information" immaterial to any issues in the case. Doc. 42 at 3, 5. The Court ordered Plaintiffs to respond to the Kropps' requests for production, but limited the scope of the requests to "information concerning financial transactions related to the Property from April 2012 to November 2016." Doc. 43 at 7.

On April 5, 2018, the Kropps filed two identical letter motions requesting to appear *pro se* and to conduct their depositions outside of Florida. *See* Docs. 45, 46. Because Defendants' counsel had not filed a motion to withdraw, the Court denied the Kropps' motion to appear *pro se* and cancelled the scheduled depositions pending resolution of the Kropps' representation. *See* Doc. 47. Counsel for the Kropps subsequently filed a motion to withdraw, which the Court granted. *See* Docs. 48, 49. In granting the motion, the Court warned the Kropps that "the right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." Doc. 49 at 2 (quoting *Sanders v. Fluor Daniel, Inc.*,

151 F.R.D. 138, 139 (M.D. Fla. 1993), *aff'd sub nom. Sanders v. Fluor Daniels, Inc.*, 36 F.3d 93 (11th Cir. 1994)). The Court also warned the Kropps that failure to comply with the Court's Orders or the Federal or Local Rules could result in sanctions. *Id.* at 3.

Roman Kropp has now filed a letter requesting that the Court (1) permit depositions to be conducted telephonically and (2) compel Plaintiffs to produce KOR's tax returns for 2013, 2014 and 2015 insofar as they pertain to Roman Kropp as an employee of KOR, any payments made to him by KOR, and any reference to the Property. Doc. 50. Plaintiffs responded with a motion to strike Roman Kropp's letter and a request for sanctions in the form of attorney's fees incurred in drafting its motion. Doc. 51. Plaintiffs also filed a motion to compel mediation and a similar request for sanctions. Doc. 52.

The Kropps' letter motion will be denied without prejudice for failure to comply with the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules. The Court warns the Kropps for the second time that their self-representation does not entitle them to forego compliance with the applicable procedural and substantive laws. A request for relief from the Court must be made by motion, and a letter to the Court does not suffice. Fed. R. Civ. P. 7(b); M.D. Fla. R. 3.01(f). Local Rule 1.05 provides the stylistic requirements for motions, and Local Rule 3.01 outlines the rules related to motion practice, including that the movant "must include a concise statement of the precise relief requested, a statement of the

basis for the request, and a memorandum of legal authority in support of the request" and confer with opposing counsel before filing a motion. M.D. Fla. R. 3.01(a), (g).

Further, the Court already ordered Plaintiffs to produce the tax returns and financial information concerning financial transactions related to the Property from April 2012 to November 2016, and Plaintiffs filed a Notice of Compliance with the Order. *See* Docs. 43, 44. To the extent the Kropps seek reconsideration of the Court's March 1, 2018 Order, the motion is denied. If the Kropps believe Plaintiffs failed to produce all the documents they were ordered to produce, then the Kropps may file a proper motion with the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules after properly conferring with counsel for Plaintiffs. *See* Fed. R. Civ. P. 7(b), 37; M.D. Fla. R. 1.05, 3.01, 3.04(a).

As to the Plaintiffs' motion to compel mediation (Doc. 52), the Court clarifies to the Kropps that the parties are required to mediate *in person*. Therefore, the parties are directed to meaningfully confer to arrange a date and time for mediation. The deadline for mediation will remain June 22, 2018, unless the parties—*after a meaningful conference*—determine they are unable to meet the deadline and must seek an extension from the Court. *See* Doc. 37. If the Kropps refuse to arrange an in-person mediation, the Court may set a Court hearing and/or order the Kropps to show cause for their failure to comply with the Court's Orders. Therefore, Plaintiffs' motion to compel is granted insofar as it requested the Court to order the Kropps to mediate in person. The parties are also directed to meaningfully confer about

scheduling the depositions the Court cancelled in its April 6, 2018 Order.  *See* Doc. 47.

Although Plaintiffs admonish and seek sanctions against Roman Kropp for failure to comply with Federal Rules of Civil Procedure and Local Rules, Plaintiffs failed to comply with Local Rule 3.01(g) in both of their motions, erroneously asserting "the rule contemplates conference with opposing counsel and Defendants are appearing *pro se*."  Doc. 51 at 3; Doc. 52 at 3.  Local Rule 3.01(g) requires parties to confer with unrespresented parties as they would counsel.  *See* M.D. Fla. R. 3.01(g); *Rigley v. Livingston Fin. LLC*, No. 6:12-cv-617, 2012 WL 12915480, at *1 (M.D. Fla. Dec. 4, 2012).  Plaintiffs are not exempted from conferring with the Kropps simply because they have elected to represent themselves.  Plaintiffs may have been able to avoid incurring attorney's fees related to the preparation of their motions had they conferred with the Kropps as contemplated by Local Rule 3.01(g). Therefore, Plaintiffs' motion to strike and all other relief sought in their motion to compel will be denied without prejudice.

ACCORDINGLY, it is

**ORDERED:**

1.    Defendants' Letter Motion (Doc. 50) is **DENIED without prejudice.**

2.    Plaintiffs' Motion to Strike and for Sanctions (Doc. 51) is **DENIED without prejudice.**

3. Plaintiffs' Motion to Compel Mediation and for Sanctions (Doc. 52) is **GRANTED in part and DENIED in part.** Defendants Roman Kropp, Sherri Kropp, and Dylan Kropp are directed to mediate in person **on or before June 22, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of May, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro Se* Defendants