UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHRYN T. CRAIG and KOR
ISLAND PROVISIONS, LLC,

      Plaintiffs,

v.                                                    Case No: 2:17-cv-180-FtM-99CM

ROMAN KROPP, SHERRI KROPP
and DYLAN KROPP,

      Defendants.
_____

## ORDER

This matter comes before the Court upon review of Defendant's Motion to Compel Production Requested and for Sanctions and Plaintiffs' response in opposition, as well as Plaintiffs' Motion to Quash Defendant, Roman Kropp's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and for Sanctions and Defendants' response in opposition. Docs. 57, 58, 59, 60. For the reasons stated herein, both motions will be granted in part and denied in part. The motions will be addressed in turn.

I.    Background

On March 31, 2017, this case was removed from the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida. Doc. 1. Ms. Craig is the sole owner and manager of KOR Island Provisions, LLC ("KOR"), which she formed to own and operate a high-end retail furniture and furnishing store on Sanibel Island, Florida. Doc. 2 ¶¶ 1, 10. Ms. Craig met Roman Kropp and his wife and son in 2010,

and they became her trusted friends and confidantes. *Id.* ¶¶ 9, 16-17. Mr. Kropp assisted with the operation of the furniture store, gained access to KOR's operating account and engaged in real estate transactions on behalf of KOR. *Id.* ¶¶ 11-14. In return, Mr. Kropp received monetary compensations and resided without paying rent in the real property allegedly purchased for KOR on April 11, 2012 and located at 661 Cardium Street, Sanibel Island, Florida (the "Property"). Doc. 2 ¶¶ 14-15; Doc. 39 ¶ 75.

Subsequently, Mr. Kropp—on behalf of KOR—managed a real estate project in Costa Rica. Doc. 2 ¶ 19. In 2016, Ms. Craig began to question Mr. Kropp's transparency in managing business on behalf of KOR, so she investigated his transactions and allegedly found his acts of "treachery," including the purchase of the Property. *Id.* ¶¶ 20-21. Ms. Craig alleges Mr. Kropp used KOR's funds to purchase the Property for $325,000, but wrongfully placed it under his name and later sold it for profit without her knowledge or consent. *Id.* ¶¶ 21(b)-(c). When Ms. Craig learned of this transaction and demanded the return of the funds realized by Mr. Kropp, he allegedly returned $320,000 only. *Id.* ¶ 21(c). Based on various business transactions, including the sale of the Property, Ms. Craig brought eight claims against Mr. Kropp and his wife and son. *Id.* at 7-13.

## II. Discussion

### a. *Mr. Kropp's Motion to Compel and for Sanctions*

On October 10, 2017, Mr. Kropp filed a motion to compel, seeking to compel production of the following documents requested in Defendants' First Request for Production:

> **REQUEST 21**: All tax returns or informational tax returns filed by KOR from January 1, 2012 through the date of this Request for Production.
>
> **RESPONSE**: Plaintiffs object to Request No. 21, in that it is overly broad and seeks documents which are irrelevant, not designed to lead to the discovery of admissible evidence, and which contain confidential private financial information which has no connection to the issues involving this case.
>
> **REQUEST 22**: All tax returns filed by Craig from January 1, 2012 through the date of this Request for Production.
>
> **RESPONSE**: Plaintiffs object to Request No. 22, in that it is overly broad and seeks documents which are irrelevant, not designed to lead to the discovery of admissible evidence, and which contain confidential private financial information which has no connection to the issues involving this case.
>
> **REQUEST 23**: All financial statements, balance sheets, profit and loss statements for Craig, [and] material, communications and documents relating thereto from January 1, 2012 through the date of this Request for Production.
>
> **RESPONSE**: Plaintiffs object to Request No. 23, in that in that it is overly broad and seeks documents which are irrelevant, not designed to lead to the discovery of admissible evidence, and which contain confidential private financial information which has no connection to the issues involving this case.
>
> **REQUEST 24**: All material, communications and documents relating to disclosures and financial statements prepared by Craig in connection with her dissolution of marriage to Raymond Craig including any financial statement or disclosure made in connection with any

> modification of support or division of property from January 1, 2011 to the date of this Request for Production.
>
> **RESPONSE**: Plaintiffs object to Request No. 24, in that it is overly broad, seeks documents which are irrelevant, not designed to lead to the discovery of admissible evidence, protected by the work product and attorney/client privileges, and which contain confidential private financial information which has no connection to the issues involving this case.

Doc. 41 at 2-4, 27-28, 34.

Mr. Kropp requested the Court overrule Plaintiffs' objections to the requests, which sought to ascertain "[w]hether Craig and KOR considered and treated [the Property] as their property during the years between its acquisition and sale as alleged in the [C]omplaint." *Id.* at 2-4. Plaintiffs responded the discovery requests were overly broad, irrelevant and sought the production of highly sensitive, confidential financial information. Doc. 42 at 2-7. On March 1, 2018, the Court granted in part and denied in part Mr. Kropp's motion, finding the requested documents were relevant to Plaintiffs' allegations about the Property but overly broad in scope. Doc. 43 at 5. The Court found the relevant documents were "those reflecting financial transactions related to the Property between April 2012 and November 2016," and thus limited the scope of the compelled production accordingly. *Id.* at 6-7.

On May 14, 2018, Mr. Kropp filed a letter requesting the Court compel Plaintiffs to produce KOR's tax returns for 2013, 2014 and 2015 insofar as they pertain to Mr. Kropp as an employee of KOR, any payments made to him by KOR and any reference to the Property. Doc. 50. On May 18, 2018, the Court denied Mr.

Kropp's letter motion without prejudice, noting the Court had already ordered Plaintiffs to produce tax returns and financial information concerning financial transactions related to the Property from April 2012 to November 2016 and denying any request for reconsideration. Doc. 53 at 4. The Court stated Defendants could "file a proper motion with the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules after properly conferred with counsel for Plaintiffs" if Plaintiffs failed to comply with the Court's March 1, 2018 Order. *Id.* On August 23, 2018, Mr. Kropp filed the present motion to compel,[1] which Plaintiffs oppose. Docs. 57, 58.

In his present motion, Mr. Kropp seeks to compel Plaintiffs to produce documents they were ordered to produce by the Court's March 1, 2018 Order. Doc. 57 at 1; *see* Doc. 43. Mr. Kropp asserts Plaintiffs provided tax returns for 2012 but failed to provide returns for 2013, 2014, 2015 and 2016. Doc. 57 at 1. Mr. Kropp discusses a January 25, 2013 email Plaintiff produced that references financial documents related to the Property that Plaintiff allegedly did not produce. *Id.* at 2.

---

[1] Mr. Kropp's motion fails to comply with Local Rule 3.01(g), which requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, "stat[e] whether counsel agree on the resolution of the motion," and further provides that a statement to the effect the moving party attempted to confer with counsel for the opposing party but counsel was unavailable is "insufficient to satisfy the parties' obligation to confer." M.D. Fla. R. 3.01(g). Mr. Kropp's motion indicates he "attempted to confer" with Plaintiffs by email on June 18, 2018 and June 19, 2018, which is clearly insufficient to satisfy the conference requirement. In light of his *pro se* status, the Court will nevertheless consider the merits of the motion to compel. Mr. Kropp is reminded, however, that regardless of his *pro se* status, he is required to comply with all relevant procedural rules and substantive law, including the Middle District of Florida Local Rules. *See Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993), *aff'd sub nom. Sanders v. Fluor Daniels, Inc.*, 36 F.3d 93 (11th Cir. 1994). Any future motions that fail to fully comply Local Rule 3.01(g) may be summarily denied on that basis.

Mr. Kropp alleges it is unclear if Ms. Craig's dissolution of marriage documents related to the division of property are not in Ms. Craig's possession or if she is unable to obtain them to comply with Defendants' request for production, and Mr. Kropp asserts Plaintiff should be compelled to produce any such documents if they exist. *Id.*

In their response, Plaintiffs argue they complied with the Court's March 1, 2018 Order and provided Mr. Kropp with the documents concerning financial transactions related to the Property between April 2012 and November 2016. *See* Doc. 58 at 2 (citing Doc. 44). Plaintiffs contend Mr. Kropp is continuing to seek discovery this Court ruled undiscoverable. Doc. 58 at 1. Plaintiffs also assert they have not been able to located nor do they recall the existence of any documents related to Ms. Craig's marriage dissolution that concern or reference the Property. *Id.* at 3. Plaintiffs claim Mr. Kropp's interpretation and presentation of evidence on the merits—namely, the January 25, 2013 email—is improper and has no bearing on whether Plaintiffs complied with the Court's March 1, 2018 Order. *Id.*

The Court, however, does not read Mr. Kropp's reference to the January 25, 2013 email as an argument on the merits of the case. Rather, the quoted text from the email strongly suggests there are financial documents concerning the Property from the circumscribed time period that Plaintiffs have failed to produce—namely, loan documents for the Property and perhaps an amortization schedule, payment receipts and proof of interest income related to the Property. *See* Doc. 57 at 2. In particular, references to interest income from the Property may be included in

Plaintiffs' tax returns, as Mr. Kropp suggests. *See id.* Therefore, the Court is persuaded there may be relevant, responsive documents Plaintiffs have not produced.

The Court does not find or suggest that Plaintiffs intentionally evaded compliance with the Court's March 1, 2018 Order.[2] Nevertheless, the Court will take this opportunity to clarify that Plaintiffs are compelled to produce *all documents from April 2012 to November 2016 that are related to the Property and responsive to Defendants' Request Nos. 21, 22 and 23*.[3] Any such documents demonstrating Plaintiffs' treatment of the property from a financial standpoint, which could indicate Plaintiffs' perceived ownership of the property during the prescribed time period, are relevant to both Plaintiffs' claims and Defendants' defenses. Based on Plaintiffs' representations concerning Ms. Craig's marriage dissolution, the Court has no reason to believe Plaintiffs have documents responsive to Defendants' Request No. 24.[4]

---

[2] Accordingly, Mr. Kropp's request for sanctions under Federal Rule of Civil Procedure 37 is denied.

[3] The Court acknowledges the March 1, 2018 Order limited the compelled documents to "any responsive material *concerning financial transactions* related to the Property from April 2012 to November 2016." Doc. 43 at 7 (emphasis added). Because the reference to financial *transactions* may have created confusion as to the scope of relevant discovery, the Court will remove that qualifier in this Order.

[4] The Court notes that while Plaintiffs admonish Mr. Kropp for failing to follow applicable procedural rules, Plaintiffs' request for attorneys' fees and costs fails to comply with the Local Rules. Local Rule 3.01(f) requires that applications to the Court for relief of any kind must be made by motion in accordance with Rule 3.01 and in the form required by Rule 1.05. Here, Plaintiffs did not file a motion for attorneys' fees or provide any legal basis for its request for attorneys' fees. *See* M.D. Fla. R. 3.01(a), (f). Regardless, because Mr. Kropp's motion will be granted in part, Plaintiffs' request for attorney's fees will be denied.

### b. *Plaintiffs' Motion to Quash Mr. Kropp's Subpoena*

On September 19, 2018, Plaintiffs filed a motion to quash a subpoena Mr. Kropp served on non-party Becky Bokrand at Markam Notron Mosteller Wright & Co., PA, arguing Mr. Kropp failed to comply with the notice requirements of Rule 45(a)(4) prior to serving the subpoena. Doc. 59 at 1-3. Mr. Kropp responded to the motion, indicating he thought Ms. Bokrand was aware she need not respond to the original subpoena because she was copied on the emails Plaintiffs' counsel sent to Mr. Kropp about the same. Doc. 60 at 1-2. Evidently, Mr. Kropp subsequently provided notice to Plaintiffs and served a new subpoena. *See id.* at 2; *see also* Doc. 60-2. Because Mr. Kropp does not appear to oppose quashing the original subpoena, the motion will be granted. Given the apparent misunderstanding, however, Plaintiffs' request for sanctions will be denied.

ACCORDINGLY, it is

**ORDERED:**

1. Defendant's Motion to Compel Production Requested and for Sanctions (Doc. 57) is **GRANTED in part and DENIED in part.** Plaintiffs shall have up to and including **November 1, 2018** to respond to Mr. Kropp's First Requests for Production Nos. 21, 22 and 23, but limit their production to any responsive material related to the Property from April 2012 to November 2016.

2. Plaintiffs' Motion to Quash Defendant, Roman Kropp's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a

Civil Action and for Sanctions (Doc. 59) is **GRANTED in part and DENIED in part**.

The original subpoena served on Becky Bokrand (Doc. 59 at 6-8) is **QUASHED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of October, 2018.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties